UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGIA MAE COTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:26-CV-613 JMB |
| | ) | |
| FERGUSON FLORISSANT SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's response to the Court's show cause order. Because the Court lacks subject matter jurisdiction over this action, it will be dismissed without further proceedings.

Plaintiff filed suit on April 24, 2026 (Doc. 1), alleging that she was underpaid by her former employer, Ferguson Florissant School District. Plaintiff asserted that Defendant is a federal agency, thus ostensibly conferring jurisdiction upon this court pursuant to 28 U.S.C. § 1346. On May 9, 2026, the Court issued an order explaining that the school district was not a federal agency and ordering Plaintiff to show cause why the case should not be dismissed for lack of jurisdiction. Doc. 3; *see City of Kansas City v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010) ("Federal courts have an independent duty to determine subject matter jurisdiction").

Plaintiff timely responded. (Docs. 4 and 5.) Although she provided more detail about her allegations, she did not make any argument or provide any information that suggests this court of limited jurisdiction has the power to hear her case. Plaintiff mentioned the EEOC, but merely as an authority that enforces certain workplace laws.[1] She has not made any allegation against the

[1] Plaintiff stated: "'The E.E.O.C.' approves of taking legal actions although time-limits are in the stipulations. Furthermore, an Honorable U.S. Judge has granted a hearing after acknowledgment of the 'E.E.O.C.'." (Doc. 4 at 1.)

United States or one of its departments or agencies, and she has not set out a federal cause of action or alleged that her "right to relief necessarily depends on the resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Calif.*, 463 U.S.1, 27-28 (1983).

The remaining ordinary basis for federal-court jurisdiction is diversity of the parties. For diversity jurisdiction to attach, the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. In her response to the show cause order, Plaintiff clarifies that she seeks $20,681.60 in back pay for duties she performed but for which she was not compensated as well as her salary for the 2025-26 school year. (She retired in 2025 but contends her retirement was not fully voluntary.) Together these amounts equal or exceed $75,000. However, although she does not include allegations about citizenship, it appears both Plaintiff and Defendant are citizens of Missouri. Therefore, Plaintiff also has not shown the Court has diversity jurisdiction over this matter. *See V S Ltd. P'ship v. Dep't of Housing & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (proponent of jurisdiction has burden of demonstrating it exists). Because the Court lacks subject matter jurisdiction over this action, it must be dismissed.

Accordingly, **IT IS HEREBY ORDERED** that this matter is **DISMISSED without prejudice** for lack of subject matter jurisdiction. Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is **DENIED as moot.**

Dated this 31st day of August, 2026.



MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE